IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STATE FARM FIRE& CASUALTY INS. CO. a/s/o REGINALD DUNN, | * * * * |
| Plaintiff, | * * |
| v. | * Civil Case No.: SAG-24-00446 |
| ONEONTARGET.COM, INC. d/b/a NOVACADDY, | * * * * |
| Defendant. | * * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

In this subrogation action, Plaintiff State Farm Fire & Casualty Insurance Company ("State Farm") as subrogee of Reginald Dunn ("Plaintiff") filed a Complaint against Defendant Oneontarget.com, Inc. d/b/a Novacaddy ("Defendant"), seeking compensation for property damage sustained as a result of an allegedly defective electric, battery-powered golf caddy bag. ECF 1. Defendant has filed a motion to dismiss the Complaint for lack of personal jurisdiction, ECF 10, with an accompanying memorandum, ECF 11. Plaintiff opposed the motion, ECF 13, and Defendant filed a reply, ECF 14. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, this Court shall defer Defendant's Motion to Dismiss pending jurisdictional discovery, which shall be conducted in accordance with the accompanying Order.

I.  **FACTUAL BACKGROUND**[1]

Defendant is a company organized under Canadian law and headquartered in Ontario. ECF 11-2 ¶ 2. It sells and ships golf products, including the NovaCaddy Remote Control Electric Golf Trolley Cart ("NovaCaddy"), on its own website and its page on Amazon.com. *Id.* ¶ 8. The NovaCaddy is designed and manufactured in China by one Chinese company and distributed by another Chinese company. *Id.* ¶ 7. The subject NovaCaddy was delivered from China to Defendant in Canada. *Id.* ¶ 8. Reginald Dunn then purchased the subject NovaCaddy on Defendant's Amazon page. 8. Defendant shipped the subject NovaCaddy directly to Dunn in Maryland. *Id.*

On December 5, 2022, the subject NovaCaddy caught fire while on the charger in the garage/utility room of Dunn's residence in Ellicott City, Maryland. ECF 1 at the first ¶ 14[2]. The fire damaged the interior of Dunn's property, including its contents. *Id.* at the second ¶ 12. Dunn's homeowners' insurer, State Farm, brings the instant action. *Id.* at the first ¶ 12.

II.  **LEGAL STANDARDS**

Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(2) challenges this Court's personal jurisdiction. Under Rule 12(b)(2), the burden is "on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989); *see Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 558 (4th Cir. 2014); *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citing *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59–60 (4th Cir. 1993)). When "a district court decides a pretrial personal jurisdiction motion without conducting an evidentiary

---

[1] The facts are derived from the substantive evidence the parties submitted with respect to this motion, ECF 11-2, 14-3, and from Plaintiff's Complaint, ECF 1. This summary is limited to facts relevant to the determination of jurisdiction over Defendant.

[2] Plaintiff's Complaint is misnumbered. There are two sets of paragraphs each numbered 12–14.

hearing, the plaintiff need only make a prima facie showing of personal jurisdiction." *Carefirst of Md.*, 334 F.3d at 396 (citing *Combs*, 886 F.2d at 676). To determine whether the plaintiff has met this burden, "the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Combs*, 886 F.2d at 676. The court need not "look solely to the plaintiff's proof in drawing" all reasonable inferences in plaintiff's favor and may also look at the defendant's proffered proof and assertions regarding defendant's lack of contacts with the forum state. *Mylan Labs., Inc.*, 2 F.3d at 62. "When the existing record is inadequate to support personal jurisdiction over a defendant, the plaintiff is entitled to jurisdictional discovery if it can demonstrate that such discovery would yield 'additional facts' that would 'assist the court in making the jurisdictional determination.'" *FrenchPorte IP, LLC v. Martin Door Mfg., Inc.*, Civil Action No. TDC-14-0295, 2014 WL 4094265, at *5 (D. Md. Aug. 14, 2014) (first quoting *Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005); and then citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (Fed. Cir. 2003) ("[C]ourts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous.'")).

To exercise personal jurisdiction over a non-resident defendant, a court must determine that (1) the exercise of jurisdiction is authorized under the state's long-arm statute, pursuant to Federal Rule of Civil Procedure 4(k)(1)(A); and (2) the exercise of jurisdiction conforms to the Fourteenth Amendment's due process requirements. *Carefirst of Md.*, 334 F.3d at 396. When interpreting the reach of Maryland's long-arm statute, a federal district court is bound by the interpretations of the Maryland Court of Appeals. *See Carbone v. Deutsche Bank Nat'l Tr. Co.*, Civil Action No. RDB-15-1963, 2016 WL 4158354, at *5 (D. Md. Aug. 5, 2016); *Snyder v. Hampton Indus., Inc.*, 521 F. Supp. 130, 135–36 (D. Md. 1981), *aff'd*, 758 F.2d 649 (4th Cir.

1985); *see also Mylan Labs.*, 2 F.3d at 61 (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 178 (1938)). Moreover, courts must address both prongs of the personal jurisdiction analysis, despite Maryland courts consistently holding that "the state's long-arm statute is coextensive with the limits of personal jurisdiction set out by the due process clause of the Constitution." *Bond v. Messerman*, 391 Md. 706, 721, 895 A.2d 990, 999 (2006); *see CSR, Ltd. v. Taylor*, 411 Md. 457, 472, 984 A.2d 492, 501 (2009) (noting that the personal jurisdiction analysis "entails dual considerations"); *Carefirst of Md.*, 334 F.3d at 396.

Under the first prong, the plaintiff must identify a provision in the Maryland long-arm statute that authorizes jurisdiction. *Ottenheimer Publishers, Inc. v. Playmore, Inc.*, 158 F. Supp. 2d 649, 652 (D. Md. 2001). Under the second prong, "due process requires only that … a defendant … have certain minimum contacts … such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milleken v. Meyer*, 311 U.S. 457, 463 (1940)). This "minimum contacts" analysis depends on the number and relationship of a defendant's contacts to the forum state, and whether the present cause of action stems from the defendant's alleged acts or omissions in the forum state. *Id.* at 316–19.

Finally, a court may exercise two types of personal jurisdiction, "general" or "specific." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017). "General" jurisdiction is a fairly limited concept, since it only arises where "the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against [defendant] on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe*, 326 U.S. at 318. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in

which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). In the context of a corporation, the paradigm bases for general jurisdiction are "the place of incorporation and principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). The *Daimler* court clarified that while those paradigms are not necessarily the only bases for general jurisdiction, it would be "unacceptably grasping" to approve the exercise of general jurisdiction wherever a corporation, "engages in a substantial, continuous, and systematic course of business." *Id.* at 137–38 (declining to find general jurisdiction lies in every state in which a corporate defendant has "sizable" sales).

"Specific" jurisdiction arises when there is an "affiliation between the forum and the underlying controversy." *Goodyear*, 564 U.S. at 919; *Carefirst of Md.*, 334 F.3d at 397. To assess specific jurisdiction, the Fourth Circuit considers: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009) (quoting *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002)).

### III.    ANALYSIS

Defendant argues that this Court does not have personal jurisdiction over it. ECF 10, 11. Plaintiff's opposition seems to contend that an exercise of general jurisdiction would be constitutionally appropriate, citing Defendant's unspecified "continuous and systematic contacts in Maryland." ECF 13 at 3, *see also id.* at 4 (asserting, without factual support, that Defendant "regularly and systemically transacts business in Maryland."). Given the high bar to establish general jurisdiction over a corporate defendant, this Court is unable to find that a sufficient prima

facie showing has been made, in light of the absence of factual support or even specific factual allegations to support Plaintiff's cursory assertions.

With respect to the other prong that this Court must consider, Maryland's long arm statute, Plaintiff cites only to Md. Courts Jud. Pro. Code Ann. § 6-103(b)(3). That subsection applies where a defendant "causes tortious injury in the State by an act or omission in the State." While it is clear that Defendant here is alleged to have caused tortious injury in the state when fire damaged Dunn's Ellicott City home, it is unclear what act or omission Defendant, a Canadian company, took in Maryland. And Maryland courts have held that "*both* the tortious injury *and* the tortious act must have occurred *in* Maryland." *Aphena Pharma Solutions-Maryland LLC v. BioZone Laboratories, Inc.*, 912 F. Supp. 2d 309, 316 (D. Md. 2012).(emphasis added); *see also Zinz v. Evans & Mitchell Industries*, 22 Md. App. 126, 130 (Md. Ct. Spec. App. 1974) (reasoning, in considering the language now comprising § 6-103(b)(3), "The appellees concede that the 'tortious injury,' if any, took place in Maryland. They strenuously assert, however, that the 'act or omission,' causing the tortious injury did not occur in Maryland. The causal act is separated from the resulting injury. Both elements must be present before personal jurisdiction will be inferred.").

While Plaintiff is unable to meet its burden to prove personal jurisdiction on the present evidentiary record, its contentions are not clearly frivolous. It is clear that Defendant markets its products within the United States and sold the subject NovaCaddy in Maryland. Moreover, the nature and extent of Defendant's acts within and sales to Maryland should be relatively easy to establish, with some appropriately targeted discovery. Accordingly, in the interest of judicial economy, this Court will order limited jurisdictional discovery from Defendant, pursuant to the terms outlined in the accompanying Order. *See Mylan Labs.*, 2 F.3d at 64 ("Discovery under the Federal Rules of Civil Procedure is, of course, broad in scope and freely permitted … [and] limited

discovery may be warranted to explore jurisdictional facts[.]"). After the limited jurisdictional discovery, Plaintiff will be permitted to file a supplemental submission regarding this Court's exercise of personal jurisdiction, and Defendant will be permitted an opportunity to reply.

Dated: October 8, 2024                                                  /s/
                                                                Stephanie A. Gallagher
                                                                United States District Judge