IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| STATE FARM FIRE & CASUALTY INS. CO. a/s/o REGINALD DUNN, | * * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Case No.: SAG-24-00446 |
| ONEONTARGET.COM, INC. d/b/a NOVACADDY, | * * * | |
| Defendant. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff State Farm Fire & Casualty Insurance Company ("State Farm") as subrogee of Reginald Dunn ("Plaintiff") filed this subrogation action against Defendant Oneontarget.com, Inc. d/b/a Novacaddy ("Defendant"), seeking compensation for property damage sustained as a result of an allegedly defective electric, battery-powered golf caddy bag. ECF 1. Defendant filed a motion to dismiss the Complaint for lack of personal jurisdiction, ECF 10, with an accompanying memorandum, ECF 11. State Farm opposed the motion, ECF 13, and Defendant filed a reply, ECF 14. This Court deferred resolution of Defendant's Motion to Dismiss pending jurisdictional discovery, ECF 15, 16, and that limited discovery has now concluded. State Farm filed a supplemental response in opposition, ECF 17, to which Defendant replied, ECF 18. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons below, Defendant's motion will be granted.

    I.    **DISCUSSION**

This Court ordered jurisdictional discovery to further clarify the extent of Defendant's contacts with the State of Maryland. That limited discovery revealed the following facts:

- Defendant has sold fifteen items in the State of Maryland in the past ten years, which amounts to less than one percent of Defendant's global sales. ECF 18-2 at 1. The most recent of those sales was in 2021. *Id.*

- Defendant has used Amazon, eBay, and Affiliate as third-party vendors, through which Maryland customers could order its products. *Id* at 2. Two Maryland residents purchased products from Defendant from Affiliate, one purchased a product from eBay, one purchased a product from Defendant's website, and eleven purchased products from Amazon. *Id.* at 10.

- Defendant uses the United Parcel Service and United States Postal Service to ship goods to Maryland. *Id.*

- Defendant did not "maintain an email list or participate in direct customer emailing related to marketing, advertising, sales, coupons, business and merchandise updates, product stock availability, and/or discounts to customers in the State of Maryland." *Id.* at 3

The parties dispute whether those sporadic contacts are sufficient to allow this Court to exercise jurisdiction over Defendant.

State Farm argues that Defendant's sales to Maryland evince that it has purposefully availed itself of "the laws, regulations, and jurisdiction of the State of Maryland by directing its goods to residents of Maryland." ECF 17 at 3 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471 (1985)). State Farm also argues that Defendant's contacts with Maryland satisfy two bases for jurisdiction under Maryland's long-arm statute. *Id.* Because Defendant has sold fifteen products to Maryland customers, State Farm argues that it has "contract[ed] to supply goods, food, services, or manufactures products in the State." Md. Courts Jud. Pro. Code Ann. § 6-103(b)(1). Additionally, Defendant's allegedly defective product "cause[d] tortious injury in the State…by

an act or omission outside the State" and Defendant "regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used of consumed in the State. *Id.* § 6-103(b)(4).

Defendant rejoins that its very minimal contacts with the State of Maryland are insufficient to establish purposeful availment. *See* ECF 18 at 3 (quoting *Windsor v. Spinner Indus. Co.*, 825 F. Supp. 2d 632, 634 (D. Md. 2011)). Defendant is a Canadian corporation with no presence in Maryland. ECF 18 at 4. "The mere fact that the subject product was sold to a Maryland consumer does not establish that Defendant purposefully availed itself of the Maryland market or specifically targeted Maryland consumers." *Id.* (citation and internal quotation marks omitted). In addition, Defendant argues that jurisdiction is inappropriate under Maryland's long-arm statute. Jurisdiction under (b)(1) is only indicated where there are "actions that culminate in purposeful activity within" Maryland. *Capitol Source Fin., LLC v Delco Oil, Inc.*, 520 F. Supp. 2d 684, 689 (D. Md. 2007) (citations omitted). And jurisdiction under (b)(4), by the terms of the statute, is only appropriate where a foreign corporation was "regularly" engaging in business in Maryland, which Defendant was not. *See Pandit v. Pandit*, 808 F. App'x 179, 187 (4th Cir. 2020) ("[T]he contacts resulting from the conduct must be continuous over a long time."). Accordingly, Defendant argues that neither Maryland law nor the federal Constitution confers jurisdiction.

Defendant has the better argument. Due process requires at least some evidence that the foreign defendant specifically "targeted the forum state" to establish personal jurisdiction based on the sale of goods. *J. McIntyre Machinery, Ltd v. Nicastro*, 564 U.S. 873, 882 (2011). Here, like in *Nicastro*, merely selling a product in Maryland "did not show that [Defendant] purposefully availed itself of the [Maryland] market." *Id.* at 886. State Farm has not adduced any evidence that Defendant "engage[d] in any activities in [Maryland] that reveal an intent to invoke or benefit from

the protection of its laws." *Id.* at 887. Exercise of jurisdiction over Defendant would be unfair here, where Defendant's only contacts with Maryland have been unintentional, and the injury in this case resulted from a one-time purchase by a Maryland resident through a third-party website. *See, e.g.*, *Shamsuddin v. Vitamin Research Prods.*, 346 F Supp. 2d 804 (D. Md. 2004) (finding minimal sales to Maryland insufficient to justify personal jurisdiction in absence of targeting conduct). A company "who simply places information on the internet does not subject [itself] to jurisdiction in each State to which the electronic signal is transmitted and received." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F3d 707, 714 (4th Cir. 2002) . Moreover, Defendant's minimal contacts with Maryland undermine the applicability of any of the bases for jurisdiction enumerated in Maryland's long-arm statute. Defendant's unknowing and limited contacts with Maryland are not of such a quality that it could reasonably anticipate "being haled into court" in Maryland. *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980)

Because neither Maryland law nor the Constitution empowers this Court to exercise jurisdiction here, Defendant's Motion to Dismiss is GRANTED.

Dated: November 25, 2024                          /s/
                                                  Stephanie A. Gallagher
                                                  United States District Judge